IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN MURPHEY,

        Petitioner,        Civil No. 07-1189-TC

        v.        FINDINGS AND RECOMMENDATION

CHARLES DANIELS,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2241 alleging the the Bureau of Prisons and FCI Sheridan are violating his rights under U.S. v. Gunning, 401 F.3d 1145 (9th Cir. 2005) by their management of his inmate financial account. Petitioner seeks the following relief:

1 - FINDINGS AND RECOMMENDATION

  1. Immediately cease all collection activity;

  2. Identify petitioner as IFRP exempt;

  3. Vacate all sanctions imposed;

  4. Vacate petitioner's refusal status;

  5. Return petitioner to position he would have been but for respondent's actions; and

  6. Any other relief deemed just and proper by this Court.

Respondent's Answer (#7) concedes: "The Bureau of Prisons agrees that given the language of the Judgment (see Exhibit A of inmate Murphey's petition) and the Gunning decision, the restitution payment plan cannot be delegated to the BOP by the court. Based on the above, the BOP will cease collection activity pursuant to IFRP and will identify him as IFRP exempt. This action will place inmate Murphey in the same position as if he were identified as IFRP compliant."

In petitioner's Reply to Respondent's Answer (#8) petitioner contends that the court should require respondent to "return all unlawfully extorted monies taken by the BOP.[1]" Petitioner's Reply (#8) p. 4.

---

[1] As well as the payment of 6% interest on the collected funds. Id., p. 2.

2 - FINDINGS AND RECOMMENDATION

The purpose of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is limited to an inquiry into whether an inmate's detention is in violation of the Constitution, laws or treaties of the United States. Monetary damages are not available in habeas corpus proceedings. Preiser v. Rodriguez, 411 U.S. 475, 493 (1973).[2]

To the extent that petitioner may have a tort claim for reimbursement of payments of restitution to his victims, petitioner has not alleged that he has exhausted administrative remedies as required by the Federal Tort Claims Act. See, Jeeves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

Respondent's Response (#&) and Reply (#8) indicate that petitioner has been provided with the appropriate relief available under 28 U.S.C. § 2241. Accordingly, petitioner's Petition (#1) should be denied as moot.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice

---

[2]In addition, respondent's response indicates that the monies collected by the BOP have already been forwarded to the Clerk of the Court for dissemination to the victims and "are no longer available to Respondent to return to Inmate Murphey's inmate account." Response (#9) p. 2-3.

3 - FINDINGS AND RECOMMENDATION

of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 23 day of January, 2008.

_____
Thomas M. Coffin
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION